Cora Mae ALEXANDER, a feme sole,
Appellant,

v.

Kenneth DAVIS d/b/a Bob's 34th Street
Super Store, et al., Appellees.

No. 7396.

Court of Civil Appeals of Texas.
Amarillo.

Sept. 28, 1964.

Rehearing Denied Nov. 16, 1964.

Splawn & Maner, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Brown & Shuman, Lubbock, Walker & Bishop, Day & Harris, Fort Worth, Burt Barr, Shelton W. Booth, Dallas, for appellees.

CHAPMAN, Justice.

Cora Mae Alexander, appellant herein, brought suit in the court below against Kenneth Davis and others for damages resulting from illness she alleged was caused by eating green beans contaminated by a Salmonella-type bacteria and which were purchased at Bob's 34th Street Super Store in the City of Lubbock. Plaintiff rested her case then under the court's discretion reopened her case and placed Mr. Davis on the stand as an adverse witness in an effort to prove the supplier of the beans to Bob's 34th Street Super Store. Then after Mr. Davis was presented and questioned as an adverse witness, the court took the case away from the jury which had heard the testimony and rendered a take-nothing judgment. It is from such judgment that appeal is perfected to this court.

This procedure would constitute no more burden on appellee to sustain the judgment than if the court had rendered a judgment non obstante veredicto or an instructed verdict. Hicks v. Matthews, 153 Tex. 177, 266 S.W.2d 846.

The question thus presented is this: Was there some evidence of probative

force to justify the submission to the jury of whether there were Salmonella-type bacteria on the green beans at the time they were purchased at Bob's 34th Street Super Store such as to make them unfit for human consumption? A careful study of the statement of facts has convinced us there is no more than a scintilla of evidence to justify a submission. It was the duty of the trial court to render a judgment for defendants below if the probative force of the testimony was so scant that it only raised a surmise or suspicion of the existence of the fact sought to be established. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Continental Cas. Co. v. Fountain, Tex.Civ. App., 257 S.W.2d 338 (writ refused).

The beans were purchased by Mrs. Selasky on April 11, 1961, more than twenty-four hours before they were cooked and served. Her daughter became ill at school the next day with vomiting and diarrhea. Mrs. Selasky warmed the beans over on the fourteenth or fifteenth and ate some more of them. She became ill with the same symptoms as her daughter on the fifteenth or sixteenth. Mrs. Alexander did not become ill until the twentieth, eight days after she ate the beans. She did not eat any of them when they were warmed over.

Mr. Waits, the medical technician, testified that in his opinion the beans were contaminated at the time they were cooked. He was first asked in a hypothetical question if in his opinion they were contaminated at the time purchased. He answered in the affirmative but later changed his testimony to the effect that he had no opinion as to whether they were contaminated at the time of purchase. He also testified in effect that they could have become contaminated by a fly after they were purchased, by the hands of those who snapped them, by the pan they were cooked in, by the bowl they were placed in, or by the bacon or bacon grease with which they were seasoned.

Doctor Pennington testified there was no way to tell if the Salmonella-type bacteria on the slide was pathogenic or non-pathogenic without doing a culture. The record is clear that no such culture was performed. He also testified that the infection, such as Mrs. Alexander had, may be transmitted from one person to another by a handclasp, by use of the same bathroom facilities or by contact with other objects such as a pillow. It is also significant that he testified that if Salmonella-type infection comes from food it normally develops within six to twenty-four hours after consuming the food. As heretofore stated it was eight days from the time she consumed the food before Mrs. Alexander became ill.

Thus, the only evidence that Mrs. Alexander's infection came from the green beans is very weak, circumstantial evidence and there is nothing more than a surmise that they contained the infection when they were purchased.

■ The general rule in Texas is that in the sale of products for immediate consumption by human beings, there is an implied warranty that the commodity is wholesome and is fit for the purpose for which it is sold. Griggs Canning Co. v. Josey, 139 Tex. 623, 164 S.W.2d 835, 142 A.L.R. 1424; Jacob E. Decker & Sons v. Capps, 139 Tex. 609, 164 S.W.2d 828, 142 A.L.R. 1479.

■ However, in an action on either express warranty or implied warranty the burden of proof is on the plaintiff to establish that the food sold and consumed did not at the time of sale conform to such warranty. Great Atlantic and Pacific Tea Company v. Adams, Maryland Court of Appeals (Court of Last Resort in Maryland) 213 Md. 521, 132 A.2d 485.

In the case just cited the Maryland court said:

"If the plaintiff's own evidence shows two equally possibly causes, for one of which the defendant would not be responsible, he cannot recover."

In Jacob E. Decker & Sons v. Capps, supra, our Supreme Court held that in the

absence of a representation or contract to the contrary a manufacturer or vendor should not be held liable for defects caused by contamination or deterioration which occurred after the food has left his hands.

 The evidence being just as strong that the contamination happened after the beans left appellee's place of business as before, we are of the opinion that the trial court properly disposed of the case.

The other points raised relate to actions of the court in the trial having to do with the statements that allegedly influenced the jury. Since a jury did not decide the case, such points would be immaterial.

Accordingly, the judgment of the trial court is in all things affirmed.